IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ALJAY LOCKETT, JR., #133 930,          *

     Plaintiff,          *

     v.          *          2:11-CV-871-TMH
                           (WO)

BOBBY BARRETT,          *

     Defendant.          *

_____

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 12, 2011, Plaintiff, a state inmate incarcerated at the Kilby Correctional Facility located in Mt. Meigs, Alabama, filed an application for leave to proceed *in forma pauperis.  See* 28 U.S.C. § 1915(a).  Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

_____

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

## I. DISCUSSION

The undersigned takes judicial notice of federal court records[2] which establish that Plaintiff, while incarcerated or detained, has had on at least three occasions civil actions and/or appeals dismissed as frivolous, malicious, for failure to state a claim, and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) include: (1) *Lockett v. Butler, et al.*, Civil Action No. 2:92-CV-1114-REV (M.D. Ala. 1992) (complaint frivolous); (2) *Lockett v. Grimes, et al.*, Civil Action No. 2:99-CV-618-WHA (M.D. Ala. 2000) (complaint frivolous); (3) *Lockett v. Woodard, et al*, Civil Action No. 2:00-2034-JHH (N.D. Ala. 2000) (complaint frivolous); (4) *Lockett v. Hooper, et al.*, Civil Action No. 2:00-1508-WHA (M.D. Ala. 2001) (complaint frivolous); and (5) *Lockett v. Riddle, et al.*, Civil Action No. 2:01-CV-187-MHT (M.D. Ala. 2001) (complaint frivolous).

In the instant action, Plaintiff complains that he has been illegally incarcerated since January 2000. He demands trial by jury and requests $50,000.00 for each year he has been unlawfully incarcerated.   (*Doc. No. 1*.)   The claim before this court does not allege nor in any way indicate that Plaintiff "is under imminent danger of serious physical injury" as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).

The court has carefully reviewed the claims presented in the instant action.  Even

---

[2] *Available at https://pcl.uscourts.gov/search.*

construing all allegations in favor of Plaintiff, his claim in this complaint does not entitle him to avoid the bar of § 1915(g) because it does not allege nor in any way indicate that he was " under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11ᵗʰ Cir. 1999). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3ʳᵈ Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Based on the foregoing, the court concludes that Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice for Plaintiff's failure to pay the requisite $350.00 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11ᵗʰ Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## II. CONCLUSION

In light of the foregoing, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff on October 12, 2011 (*Doc. No. 2*) is DENIED.

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED

without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **October 31, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 17th day of October 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

–4–